In re TOLEDO JOCKEY CLUB, Inc.

WEHNER v. TOLEDO JOCKEY CLUB, Inc.

No. 9808.

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1945.

William J. Schick, of Cincinnati, Ohio, for appellant.

William B. Devlin, of Toledo, Ohio, for appellee.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

PER CURIAM.

The appellant, claiming to be a stockholder of the bankrupt corporation, appeals from an order denying his petition to review an order of the referee overruling his motion to dismiss the bankrupt's petition, and to set aside the adjudication of the bankrupt on the ground that the directors of the corporation purporting to file the petition were not legally elected directors of the corporation and had no authority to act as such.

The referee found, on evidence that we deem to be substantial, that the corporation was hopelessly insolvent with liabilities to general creditors upwards of $40,000, and no assets whatever except a lease of problematical value which had already been declared forfeited by the lessor for nonpayment of rent, that the petition was filed pursuant to a resolution of the Board of Directors of the bankrupt at a meeting duly held at the principal office of the bankrupt in Toledo, Ohio, that the change in its principal office from Cincinnati to Toledo was effected by amendment to the corporation by-laws, and that any infirmity in such change did not affect the jurisdiction of the bankruptcy court since the principal place of business of the bankrupt was in the district of adjudication and had been for more than six months prior to its filing. The referee further found, upon evidence likewise substantial, that the appellant, at the time of the filing of his petition to review and set aside the adjudication, was not a stockholder of the bankrupt corporation, that the certificates purportedly issued to him were invalid and void because issued without consideration or authority, that at no time since the incorporation of the bankrupt did he have any real investment in the stock of the bankrupt, and that if he had such investment he nevertheless did not have, at the time of the adjudication, any interest which would be adversely affected by it. Each and every finding of the referee, and the referee's conclusions of law, were affirmed and approved upon review by the District Judge.

Finding no error of law in the proceedings below, and being unable to perceive any clear demonstration of mistake in the concurrent fact findings of the referee and judge,

It is hereby ordered that the order appealed from is affirmed.